IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHALID OWENS, individually and on behalf of all others similarly situated who consent to their inclusion, Plaintiff, | § § § § § | |
| v. | § § | CIVIL ACTION NO. H-14-1052 |
| K&M MACHINE WORKS, LLC, *et al.*, Defendants. | § § § § | |

## MEMORANDUM AND ORDER

This overtime pay dispute, brought under the Fair Labor Standards Act, is before the Court on Plaintiff Khalid Owens' ("Plaintiff") Motion to Enforce Settlement Agreement ("Motion to Enforce") [Doc. # 22] and a motion to withdraw as attorney of record ("Motion to Withdraw") [Doc. # 23] filed by counsel for Defendants K&M Machine Works, LLC and Clint Kennedy (collectively, "Defendants"). No party filed a response in opposition to these motions or requested additional time to do so. Nevertheless, the motions must be **denied**. This Federal Court no longer has subject matter jurisdiction over the dispute.

In December 2014, Plaintiff filed an unopposed motion to dismiss all claims with prejudice, stating that the dispute on behalf of Plaintiff and the proposed class members had been settled. *See* Plaintiff's Unopposed Voluntary Motion to Dismiss

("Motion to Dismiss") [Doc. # 18].  Plaintiff submitted with the Motion to Dismiss a proposed order [Doc. # 18-1], but the Court filed on December 18, 2014, its own dismissal order adopting all the points proposed by Plaintiff.  *See* Order dated Dec. 18, 2014 [Doc. # 19].  Plaintiff's claims were dismissed with prejudice.  *Id.*  The dismissal became final on January 17, 2015.  *See* 28 U.S.C. § 2107.[1]  This case is no longer pending before the Court.

Both parties appear not to contest the Court's continued jurisdiction over this case.  However, "[f]ederal courts are courts of limited jurisdiction."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "The burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Id.*  The Court may raise the question of its own subject matter jurisdiction *sua sponte* and must dismiss the action if it finds itself lacking such jurisdiction.  *See* FED. R. CIV. P. 12(h)(3); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

Plaintiff asserts that "District Courts have the power to enforce settlement agreements reached in cases pending before them," Motion to Enforce, at 3, but cites no authority that addresses the threshold issue, whether the Court has the power to

---

[1]On February 17, 2015, after the Court's dismissal of this case became final, Plaintiff filed a Notice of Breach of Settlement Agreement [Doc. # 21] informing the Court of Defendants' breach and stating that Plaintiff would be filing a motion to enforce the settlement.

make enforcement or other substantive decisions in this case.[2]  Defendants' Motion to Withdraw does not address this jurisdictional question at all.

The U.S. Supreme Court has recognized that "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 379; *accord SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 462 (5th Cir. 2010) (addressing a voluntary dismissal under FED. R. CIV. P. 41(a)(1)(A)(ii)).  "[A] court's 'ancillary jurisdiction' 'to manage its proceedings, vindicate its authority, and effectuate its decrees' provides such an independent jurisdictional basis to enforce a settlement agreement only if 'the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal.'" *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (quoting *Kokkonen*, 511 U.S. at 380-81) (alteration in original).

The Fifth Circuit has explained that "[t]he [Supreme] Court [in *Kokkonen*] specified two ways in which a court may make a settlement agreement part of its

---

[2]Plaintiff cites *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 36 (5th Cir. 1967), and *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984).  *See* Motion to Enforce, at 3 n.9.  These cases are inapposite.  They do not address the jurisdictional issue currently presented.  Indeed, the cited cases focus on enforcement of a settlement that one party contends was never consummated or seeks to repudiate.  Those issues may arise regarding the merits of enforceability of the settlement Plaintiff believed he had reached with Defendants, but they are not presented at this time.

dismissal order: 'either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *Id.* (quoting *Kokkonen*, 511 U.S. at 380-81); *accord SmallBizPros*, 618 F.3d at 461-62. "In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen*, 511 U.S. at 380; *accord SmallBizPros*, 618 F.3d at 462. However, "jurisdiction is a strict master and inexact compliance is no compliance." *SmallBizPros*, 618 F.3d at 464. Relying on *Kokkonen* and *Hospitality House*, the Fifth Circuit in *SmallBizPros* reasoned, "it is . . . clear that a district court may incorporate or embody the terms of a settlement agreement in a dismissal order or expressly retain jurisdiction over a settlement agreement by clearly indicating such intent in a dismissal order." 618 F.3d at 462-63 (citing *Kokkonen*, 511 U.S. at 381-82; *Hospitality House*, 298 F.3d at 431).

In the case at bar, the parties did not ask the Court to retain jurisdiction to enforce the settlement agreement. Indeed, Plaintiff's proposed dismissal order, the substance of which the Court adopted, contained no reference to a settlement agreement at all. While Plaintiff's Motion to Dismiss informed the Court that a settlement had been reached, "awareness and approval of the terms of the settlement agreement" do not suffice to make them part of the dismissal order for purposes of

retaining jurisdiction to enforce the settlement. *Kokkonen*, 511 U.S. at 381; *Hospitality House*, 298 F.3d at 431. Because this Court's dismissal order did not expressly retain jurisdiction over the settlement agreement and did not incorporate any settlement agreement to retain jurisdiction, the Court lacks jurisdiction to enforce the parties' settlement. *Kokkonen*, 511 U.S. at 379-80; *Hospitality House*, 298 F.3d at 431-32.

Having concluded that the Court does not have jurisdiction in this dismissed case to grant the relief requested, it is hereby

**ORDERED** that Plaintiff's Motion to Enforce Settlement Agreement [Doc. # 22] is **DENIED for lack of jurisdiction**. It is further

**ORDERED** that and Defendants' counsel's Verified Motion to Withdraw [Doc. # 23] is **DENIED as moot**.

SIGNED at Houston, Texas, this **13th** day of **April, 2015.**

_____
Nancy F. Atlas
United States District Judge